ROGER J. BROTHERS, SBN 118622
rbrothers@brotherssmithlaw.com
HORACE W. GREEN, SBN 115699
hgreen@brotherssmithlaw.com
TONYA D. HUBINGER, SBN 223047
thubinger@brotherssmithlaw.com
BROTHERS SMITH LLP
2033 N. Main Street, Suite 720
Walnut Creek, California 94596
Telephone:     (925) 944-9700
Facsimile:      (925) 944-9701

Attorneys for Defendants Trans Valley Transport
and FTU Labor Contractors, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JOSE MARIO MENDOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRANS VALLEY TRANSPORT, a California corporation; FTU LABOR CONTRACTORS, INC.; and DOES 2 through 100,<br><br>　　　　Defendants.<br><br>FTU LABOR CONTRACTORS, INC., ,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>PEOPLEASE, LLC, a South Carolina corporation, and ROES 1 through 50,<br><br>　　　　Cross-Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1332 (d)(2) (CAFA)** |

　　　　PLEASE TAKE NOTICE that Defendants Trans Valley Transport and FTU Labor Contractors, Inc. (collectively referred to herein as "TVT") hereby remove the above captioned action, *Mendoza v. Trans Valley Transport, FTU Labor Contractors, Inc., and Does 2 through 10,* case no. 1-15-CV-281073 ("the Action") from the Superior Court of the State of California for the

60198.003/689024.3

DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1332 (D)(2) (CAFA)     Case No.

County of Santa Clara, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332 (a), 1332 (d), and 1446 (b) on the grounds stated below.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 (d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this notice.

## VENUE

2. This action was filed in the Superior Court of the State of California for the County of Santa Clara. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84 (a), 1391 (a), and 1441 (a).

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3. In accordance with 28 U.S.C. § 1446 (a), true and correct copies of all pleadings, process and orders in the state court file are attached hereto as Exhibits A-C. For the Court's ease of reference, these documents consist respectively of: Plaintiff's Complaint (Exhibit A), Plaintiff's First Amended Complaint (Exhibit B), and the remainder of the state court file (Exhibit C).

## SERVICE ON THE STATE COURT

4. Pursuant to 28 U.S.C. § 1446 (d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Santa Clara County Superior Court.

## PLEADINGS, PROCESS AND ORDERS

5. On or about May 26, 2015, Plaintiff, on behalf of himself and other similarly situated persons, filed a Complaint in the Superior Court for the County of Santa Clara, captioned

*Jose Mario Mendoza v Trans Valley Transport and DOES 1 through 10,* case no. 115cv281073 ("Complaint"). A true and correct copy of the Summons and Complaint filed in Santa Clara County Superior Court is attached as Exhibit "A" hereto.

6. On or about September 25, 2015, Plaintiff filed a First Amended Complaint ("FAC"). A true and correct copy of the FAC is attached as Exhibit "B" hereto.

7. According to the FAC, Trans Valley Transport and FTU Labor Contractors, Inc. were, at all times relevant hereto, joint and several employers of Plaintiff and the putative class members that Plaintiff purports to represent (FAC ¶ 8).

8. The FAC seeks to allege six causes of action for: (1) failure to pay minimum wages; (2) failure to provide rest periods; (3) failure to provide meal periods; (4) unfair competition; (5). failure to provide accurate wage statements; and (6) failure to pay all wages owed upon termination.

## TIMELINESS OF THE REMOVAL

9. This removal is timely. Under relevant Ninth Circuit law, removal under CAFA is timely at any time, so long as (1) the face of the complaint does not plainly allege all elements needed for traditional diversity (including the amount in controversy), and (2) plaintiff has not served some other "paper" which concedes all elements needed for traditional diversity. *See, Roth v. CHA Hollywood Med. Ctr., LP,* 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446 (b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446 (b)(1) or (b)(3) begins to run against the defendant").

10. Here, neither the face of the Complaint nor the face of the FAC plainly allege all elements needed for removal. The Complaint (¶ 5) and the FAC (¶ 5) alleged that Plaintiff is a resident of California, but did not address Plaintiff's citizenship, and therefore did not allege diversity of citizenship.. The Complaint and the FAC did not state the amount in controversy. No amount in controversy is, or has been, stated in any pleading or paper received from Plaintiff. This removal is therefore timely.

**ORIGINAL JURISDICTION PURSUANT TO CAFA**

11. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441 (a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) no Defendant is a state, state official or other government entity; (3) there is diversity between at least one class member and one Defendant; and (4) the total amount in controversy for all putative class members exceeds $5 million. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

*The Proposed Class Contains At Least 100 Members*

12. The FAC alleges the existence of the following classes (FAC ¶ 11):

"**Truck Driver Class**: All persons who, at any time after May 26, 2012, worked for Trans Valley Transport (as an employee of Trans Valley Transport and/or an employee of FTU Labor Contractors, Inc.) as a truck driver in the state of California." Defendants' records indicate that a total of 339 drivers fall into this category;

"**Restitution Class**: All persons who, at any time after May 26, 2011, worked for Trans Valley Transport (as an employee of Trans Valley Transport and/or an employee of FTU Labor Contractors, Inc.) as a truck driver in the state of California." Defendants' records indicate that a total of 413 drivers fall into this category;

"**Wage Statement Class**: All persons who, at any time after May 26, 2014, worked for Trans Valley Transport (as an employee of Trans Valley Transport and/or an employee of FTU Labor Contractors, Inc.) as a truck driver in the state of California." Defendants' records indicate that a total of 227 drivers fall into this category for the period of time covered by the relevant statute; and

"**Terminated Employees Class**:  All persons who worked for Trans Valley Transport (as an employee of Trans Valley Transport and/or an employee of FTU Labor Contractors, Inc.) as a truck driver in the state of California whose employment ended (including by seasonal layoff) at any time after May 26, 2012." Defendants' records indicate that a total of 159 drivers fall into this category.

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

As such, the putative classes each exceed 100 persons.

### Defendants Are Not A Governmental Entity

13. Defendants are not a state, state official, or other governmental entity.

### Minimum Diversity Exists

14. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen. CAFA allows a class action to be removed even where any defendant is a citizen of the state where the action was filed.

15. Defendants are informed and believe, and based thereon allege, that as of the date of the filing of the Complaint and the FAC, Plaintiff was a citizen of Honduras who had not been granted permanent resident status in the United States of America.

16. For diversity purposes, a corporation "shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332 (c) (1). Trans Valley Transport and FTU Labor Contractors, Inc. are both incorporated under the laws of the State of California, with their principal places of business in the State of California.

17. Because Plaintiff is a foreign citizen, and Defendants are citizens of California, CAFA's minimal diversity requirement is met.

18. As of the date of the filing of the FAC, fewer than two thirds of the members of all proposed plaintiff classes in the aggregate were citizens of the state in which the action was originally filed. Therefore, the exception to CAFA jurisdiction as set forth at 28 U.S.C § 1332 (d) (4)(A) does not preclude removal.

### The Amount In Controversy On Putative Class Claims Exceeds $5,000,000

19. For jurisdictional purposes, the amount "in controversy" is the amount put in controversy by the complaint, not what a defendant will actually owe. The Court must assume that the allegations are true and presume that a jury will return a verdict for the plaintiff on all claims asserted in the complaint. Defenses that a defendant may assert are not considered in determining the amount in controversy.

20. TVT concedes no liability for any of Plaintiff's claims, and disputes the allegations

of the FAC. However, Plaintiff's putative class claims place in controversy a sum in excess of $5,000,000.

21. Plaintiff's first cause of action alleges that TVT failed to pay the members of the Truck Drivers Class at least minimum wages for all compensable time. The putative class is made up of 339 potential class members. Defendants have calculated that the allegations of the FAC involve approximately 55,890 6 day work weeks (as of March 2022, the last date for which Defendants have accurate and complete data). The hourly rate that TVT paid drivers for time unrelated to the transport of a load was $12/hr. during the period 2011-2016; $14/hr. for the period 2017-2020; $15/hr. in 2021; and $20/hr. in 2022. If Defendants are potentially liable for as little as 1 hour per employee for each work day at an average of $13/hr., the minimum amount in controversy with respect to this cause of action is $4.36 million. The FAC also seeks liquidated damages in an amount equal to the amount of the unpaid minimum wages, which brings the amount sought for this cause of action (exclusive of interest) to $8.72 million.

22. Plaintiff's second cause of action alleges that TVT failed to provide Plaintiff and the putative class members with rest periods, and failed to pay Plaintiff and the putative class members premium pay for missed rest periods. Plaintiff alleges that the putative class members are entitled to one hour of pay at their regular rate of pay for every day that TVT failed to provide a rest period. Based on the allegation that TVT "had a policy or practice of not providing truck drivers with rest periods and not paying premium wages for workdays when rest periods were not provided" (FAC ¶ 23), Defendants estimate the amount in controversy with respect to this claim as being at least one hour of premium pay per employee per workday, or $4.36 million.

23. Plaintiff's third cause of action alleges that TVT failed to provide Plaintiff and the putative class members with meal periods, and failed to pay Plaintiff and the putative class members premium pay for missed meal periods. Plaintiff alleges that the putative class members are entitled to one hour of pay at their regular rate of pay for every day that TVT failed to provide a meal period. Based on the allegation that TVT "had a policy or practice of not providing truck drivers with meal periods and not paying premium wages for workdays when meal periods were not provided" (FAC ¶ 23), Defendants estimate the amount in controversy with respect to this

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

1  claim as being at least one hour of premium pay per workday, or $4.36 million.

2      24.    Plaintiff's fifth cause of action alleges that TVT failed to provide accurate wage statements. Plaintiff alleges that the Plaintiff and the other members of the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred, and one hundred dollars for each violation of Labor Code section 226 in every subsequent pay period, not to exceed an aggregate civil penalty of four thousand dollars ($4000) per employee. Defendants' records indicate that there are potentially 227 members of the Wage Statement Class. Therefore, the amount placed into controversy with respect to this cause of action is approximately $908,000.

    25.    Plaintiff's sixth cause of action alleges that Defendants failed to pay the drivers all wages owed upon termination. Plaintiff seeks penalty wages from the day wages were due upon termination until paid, up to a maximum amount of thirty days for each discharge (FAC ¶ 50). Defendants' records indicate a total of 159 putative class members for this class. As such, the amount placed into controversy by this cause of action is approximately $468,000.

    26.    In addition to the foregoing, the FAC includes claims for pre-judgment interest and for attorney's fees. Although the amounts sought are unspecified, the prayer for any such recovery further increases the amount in controversy. In sum, the amount "in controversy" with respect to the causes of action and putative class claims alleged in the FAC exceed $5,000,000.

### NO ADMISSION/WAIVER

    27.    In setting forth the above calculations, TVT does not admit that Plaintiff or any other person is owed any additional wages, or is entitled to any relief. To the contrary, TVT expressly denies any liability to Plaintiff and/or to the putative classes Plaintiff seeks to represent. TVT further denies that the instance action satisfies the requirements for class certification. TVT does not waive any available defenses. However, this action meets all of CAFA's requirements for removal, and this removal petition is therefore both timely and proper.

///

///

///

1    WHEREFORE, Defendants hereby remove this action to this Court from the Superior

2 Court of the State of California, in and for the County of Santa Clara.

3  Dated: November 15, 2022              **BROTHERS SMITH LLP**

         By:    /s/ Horace W. Green
                Roger J. Brothers
                Horace W. Green
                Tonya D. Hubinger
                Attorneys for Defendants Trans Valley Transport
                and FTU Labor Contractors, Inc.