Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
16021 Aiglon St.
Pacific Palisades, CA 90272
Tel (310) 463-9761
Fax (310) 943-2582
greg@karasiklawfirm.com

Santos Gomez (SBN 172741)
**Law Offices of Santos Gomez**
1003 Freedom Boulevard
Watsonville, CA 95076
Tel (831) 228-1560
Fax (831) 228-1542
santos@lawofficesofsantosgomez.com

Attorneys for Plaintiff
JOSE MARIO MENDOZA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIO MENDOZA,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS VALLEY TRANSPORT et al,<br><br>Defendants.<br><br>And Related Cross-Action | Case No. 22-cv-07164 TLT<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT**<br><br>Date: April 16, 2024<br>Time: 2:00 p.m.<br>Ctrm: 9 |

Please take notice that, on April 16, 2024, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 9 of the San Francisco Courthouse for the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, plaintiff Jose Mario Mendoza ("Plaintiff") will and hereby does move for an order granting preliminary approval of the revised class action settlement (the "Revised Settlement") reached with defendants Trans Valley Transport and FTU Labor Contractors, Inc. ("Defendants"). Specifically, Plaintiff moves for an order:

1

MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT
Case No. 22-cv-07164 TLT

1) preliminarily finding, for the purposes of giving members of the Settlement Class notice of the Revised Settlement and the opportunity to request exclusion from the Revised Settlement or object to the Revised Settlement, that:

    a) the Settlement Class, comprised of all persons who worked as truck drivers for Trans Valley Transport and/or FTU Labor Contractors, Inc. at any time between May 26, 2011 and February 28, 2015 who did not enter into arbitration agreements, meets all the requirements for class certification under Rule 23(a) and 23(b)(3) of the Rules of Civil Procedure; and

    b) the Revised Settlement is fair, reasonable and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

2) appointing Plaintiff as representative for the Settlement Class.

3) appointing Gregory N. Karasik of Karasik Law Firm, and Santos Gomez of Law Offices of Santos Gomez as counsel for the Settlement Class.

4) appointing Atticus Administration as the Settlement Administrator.

5) directing the Settlement Administrator to provide notice to members of the Settlement Class as set forth in the Settlement.

6) establishing the deadline for members of the Settlement Class to opt out of the settlement or to object to the Settlement.

7) establishing the deadline for Plaintiff to file a motion for an award of attorney's fees, costs and a service payment.

8) scheduling a final approval and fairness hearing on a date approximately 120 days after preliminary approval of the Revised Settlement to consider whether the Revised Settlement should be finally approved as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure for the purposes of judgment and to rule on Plaintiff's motion for attorney's fees, costs and a service payment.

Plaintiff's motion is made under Rule 23(e)(1) of the Federal Rules of Civil Procedure on the grounds that both class certification and approval of the Revised Settlement for the purposes of judgment are likely to be granted at the final fairness hearing.

Plaintiff's motion is based on this Notice and attached Memorandum, the Stipulation re Class Action Settlement and Release of Claims previously submitted to the Court; the Stipulation to Amend Class Action Settlement and Release of Claims, Declaration of Gregory N. Karasik, Declaration of Christopher Longley, and the Declaration of Jose Mario Mendoza submitted herewith; all other pleadings and papers on file in this action; and any oral argument or other matter that may be considered by the Court.

Dated: January 25, 2024

             KARASIK LAW FIRM
             LAW OFFICES OF SANTOS GOMEZ

          By s/ *Gregory N, Karasik*
             Gregory N. Karasik
             Attorneys for Plaintiff

Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
16021 Aiglon St.
Pacific Palisades, CA 90272
Tel (310) 463-9761
Fax (310) 943-2582
greg@karasiklawfirm.com

Santos Gomez (SBN 172741)
**Law Offices of Santos Gomez**
1003 Freedom Boulevard
Watsonville, CA 95076
Tel (831) 228-1560
Fax (831) 228-1542
santos@lawofficesofsantosgomez.com

Attorneys for Plaintiff
JOSE MARIO MENDOZA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIO MENDOZA,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>TRANS VALLEY TRANSPORT et al,<br><br>　　　　　　　　Defendants.<br><br>And Related Cross-Action | Case No. 22-cv-07164 TLT<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT**<br><br>Date: April 16, 2024<br>Time: 2:00 p.m.<br>Ctrm: 9 |

# INTRODUCTION

On December 19, 2023 the Court issued an order Granting in Part and Denying in Part the motion of plaintiff Jose Mario Mendoza ("Plaintiff") for preliminary approval of the class action settlement reached with defendants Trans Valley Transport and FTU Labor Contractors, Inc. ("Defendants"). The Court ruled that Plaintiff had met the requirements for conditional class certification but failed to show that the proposed settlement was fair, adequate and reasonable. Accordingly, the Court denied Plaintiff's motion for preliminary approval without prejudice and ordered that any supplemental motion for preliminary approval be filed by January 30, 2024 and address the deficiencies and omissions discussed in the Court's order.

Plaintiff now moves for preliminary approval of the settlement as revised by the parties (the "Revised Settlement") pursuant to their Stipulation to Amend Class Action Settlement and Release. As discussed below, the changes to the settlement and the declarations submitted by Plaintiff in connection with this motion address the Court's concerns. The Court should thus conclude that the Revised Settlement is fair, adequate and reasonable and grant Plaintiff's motion for preliminary approval of the Revised Settlement so notice can be given to class members.

# THE REVISED SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE

Plaintiff discusses below how each of the deficiencies or omissions the Court identified in its order as a reason for concluding that the original settlement was not fair, adequate and reasonable has been corrected or otherwise remedied by revision of the settlement and/or the supplemental information provided in the declarations submitted in support of Plaintiff's motion for preliminary approval of the Revised Settlement.

<u>Basis for Calculation of Defendants' Potential Liability for Unpaid Minimum Wages</u>

The declaration of Gregory N. Karasik submitted herewith provides more detail about the basis for Plaintiff's calculation that Defendants faced approximately $2,800,000 in potential liability for unpaid minimum wages, including the applicable wage rate, how many hours class members were not paid for wages each workweek and the number of workweeks worked by class members during the liability period. (Karasik Decl. ¶ 3-6). The declaration further explains that using a blended average for the minimum wage rate in effect during the liability period results in the calculation that

1

MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT
Case No. 22-cv-07164 TLT

Defendants' potential liability for unpaid minimum wages during the liability period was approximately $2,556,209. This means that the Gross Settlement Amount of $700,000 reflects a recovery of approximately 27.4% of Defendants' potential liability for unpaid minimum wages.

Expected Payout for the Class

Because the settlement as revised by the parties now requires that the funds remaining from settlement checks not cashed, deposited or otherwise negotiated by class members after the first distribution be distributed to those class members who did cash, deposit or otherwise negotiate settlement checks after the first distribution, Plaintiff expects that the entirety of the Net Settlement Amount (presently estimated to be approximately $435,867) will ultimately be paid out to class members in this case. Plaintiff does not expect any class members to object to the Revised Settlement or opt out from the Revised Settlement. (Karasik Decl. ¶ 7).

Content of the Class Notice

The parties have revised the class notice to address the deficiencies and omissions noted by the Court. The revised class notice attached as Exhibit A to the Revised Settlement meets all seven of the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure as the notice now states that a class member may enter an appearance through an attorney and that the Court will exclude any class member that requests to be excluded; in accordance with the guidelines of the Court, the revised class notice provides the website address for the Settlement Administrator and instructs class members how to access the Court's docket through PACER; and the revised class notice does not instruct class members to provide their telephone number, address and social security number in connection with a request for exclusion from the Revised Settlement. (Karasik Decl. ¶ 8).

Method of Class Notice

As set forth in the declaration of Gregory N. Karasik, Defendants do not have email addresses or cell phone numbers for class members so it is not possible to give class members notice directly by electronic means. (Karasik Decl, ¶ 9). Accordingly, notice by email or cell phone would not be practicable. *See, Roes 1-2 v. SFBSC Management, LLC* (2019) 944 F.3d 1035, 1047, n. 9 (where defendants did not have e-mail addresses for the class members "sending email notice would in no way have been 'practicable under the circumstances'" [quoting F.R.C.P. Rule 23(c)(2)(B)].

In light of the infeasibility of providing notice to class members directly through email or cell phone messages, Plaintiff's counsel explored with Christopher Longley, the principal of Atticus, whether it would be reasonable to expect that notice by print publication or a digital notice campaign would reach a significant number of class members. (Karasik Decl. ¶ 9, 10). In his view neither of those methods would be a practical or cost-effective means likely to reach a significant number of class members in this case. (Longley Decl, ¶ 12, 13). Based on his experience and what is known about the demographics of the class members in this case, Longley believes the best method of notice practicable in this case is notice by mail to the last known address of class members. (Longley Decl. ¶ 14).

Publication by print would be very expensive and impractical because class members in this case are spread throughout California and a few other states. (Longley Decl. ¶ 12). With respect to notice through social media, its effectiveness would depend on how many class members have social media accounts through which an advertisement could be sent to them digitally. (Longley Decl. ¶ 13). In this case, Plaintiff's counsel has no knowledge if any class member other than Plaintiff has a social media account (Karasik Decl. ¶ 9) and Plaintiff believes that very few of the truck drivers he worked with have social media accounts. (Mendoza Decl. ¶ 9). As stated by Longley, "under these circumstances there is no reason to expect that advertising on social media would reach a significant number of class members." (Longley Decl. ¶ 13).

Plaintiff appreciates the Court's concern that notice by mail might not reach a sufficient number of class members because many of them may no longer live at the addresses they provided Defendants. But the "best notice practicable" requires a form of notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle and Jacqueline* (1974) 417 U.S. 156, 174. Absent a basis for believing that either print publication or advertising on social media would likely reach class members, neither method satisfies this legal standard. And, as explained by Longley, the Court's concern about stale addresses can be mitigated because Atticus can conduct "enhanced skip tracing" in this case since Defendants can provide the social security numbers of class members. (Longley Decl. ¶ 14). According to Longley, enhanced skip tracing is typically "highly effective (up to 80% to 90% hit-rates" in matching the name to the most current address." (Longley Decl, ¶ 10).

3
MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT
Case No. 22-cv-07164 TLT

Notice by mail, unlike notice by print publication or social media, also allows the Court to determine the effectiveness of the notice method. (Karasik Decl. ¶ 10; Longley Decl. ¶ 12, 13). Plaintiff thus submits that, notwithstanding the possibility that mail cannot be delivered to all class members in this case, the Court should agree with the opinion of Longley that "notice by mail to the last known addresses of class members would provide a more effective form of notice practicable than any kind of notice through print publication or social media" and that notice by mail is "the best method of notice practicable in this case." (Longley Decl. ¶ 14).

<u>Time Period for Objections and Requests for Exclusion</u>

Pursuant to the Revised Settlement class members now have sixty days (instead of forty-five days) to submit objections to the Revised Settlement or request exclusion from the Revised Settlement. (Karasik Decl. ¶ 11).

<u>Settlement Administration</u>

After the Court issued its order granting in part and denying in part Plaintiff's motion for preliminary approval and the parties agreed to revise the settlement, Plaintiff's counsel solicited a new bid from Atticus and settlement administration bids from Simpluris and ILYM Group. In each case a bid was requested for settlement administration services that included class notice by mail, a website for class members to view lawsuit related documents, and a second distribution of funds to the class members who had cashed, deposited or otherwise negotiated their settlement checks after the first distribution of settlement funds. The bid from Simpluris was $9,000 and the bid from ILYM Group was $8,450. (Karasik Decl. ¶ 12, Exs. 2, 3). In light of these competing bids, Atticus agreed to lower its bid to $8,300 which was the lowest bid in this case. (Karasik Decl. ¶ 12, Ex. 4).

<u>Dismissal of Claims on Behalf of Truck Drivers Who Signed Arbitration Agreements</u>

As noted by the Court, Plaintiff has not yet filed a motion to dismiss the claims he had asserted at the outset of litigation on behalf of truck drivers who signed arbitration agreements. Although not specified in the parties' settlement agreement, Plaintiff intends to do in connection with his motion for final approval so the Court can issue a final judgment in this matter dismissing with prejudice Plaintiff's claims on behalf of participating class members and dismissing without prejudice the claims Plaintiff had asserted on behalf of truck drivers who, because they signed arbitration agreements, are

4

not members of the class. Until Plaintiff requests that final approval be granted and the Court enter a final judgment, it would be premature for Plaintiff to seek dismissal of any of his claims. When Plaintiff moves for final approval of the settlement Plaintiff will explain why, under applicable precedents, notice need not be given to the truck drivers who signed arbitration agreements about dismissal without prejudice of the claims Plaintiff had initially asserted on their behalf.

## CONCLUSION

Plaintiff respectfully submits that the Revised Settlement is fair, adequate and reasonable and that Plaintiff's motion for preliminary approval of the Revised Settlement should be granted so that class members can be apprised of the settlement and given the opportunity to object or request exclusion from the settlement.

Dated: January 25, 2024

KARASIK LAW FIRM
LAW OFFICES OF SANTOS GOMEZ

By  s/ *Gregory N, Karasik*
Gregory N. Karasik
Attorneys for Plaintiff