UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIO MENDOZA, | Case No. 22-cv-07164-TLT |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| TRANS VALLEY TRANSPORT, et al., | |
| Defendants. | Re: Dkt. No. 42 |

On April 16, 2024, the Court held a hearing on the Motion for Preliminary Approval of Revised Class Action Settlement; and setting a date for the hearing on final approval of the settlement. ECF 42.

Having considered the motion, briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement. The Court accepts all terms and conditions from the prior order, ECF 41, except as modified herein.

## I.    BACKGROUND

Plaintiff Jose Mario Mendoza filed the putative class action complaint on May 26, 2025, against defendant Trans Valley Transport, in the Superior Court of California, County of Santa Clara. Not. of Rem., ECF 1, Ex. A. The amended pleadings allege various violations of the California Labor Code and Wage Orders for (1) failure to pay minimum wages (Labor Code Sections 1194 & 1197); (2) failure to provide meal and rest periods (Labor Code Section 226.7 & Wage Order 9); failure to provide accurate wage statements (Labor Code Section 226(a)); failure to pay all wages owed upon termination (Labor Code Sections 201 & 202); and derivatively, a violation of California's Unfair Competition Law ("UCL") under Business and Professions Code §

United States District Court
Northern District of California

17200 *et seq.* The parties reached a settlement prior to class certification with the assistance of Magistrate Judge Virginia DeMarchi on May 17, 2023. ECF 27.

**B.     Terms of the Settlement Agreement**

Under the terms of the Settlement Agreement, defendant will pay $700,000 into a common settlement fund, without admitting liability.  This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representative's service award, but excludes employer's share of payroll taxes.

### 1.     Attorneys' Fees and Costs

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to $233,333.33 in attorneys' fees (one-third of the gross settlement amount) and no more than $15,000 in litigation costs.  The common settlement fund also includes a provision for $8,300 in settlement administration costs; and up to $7,500 to be paid to plaintiff Mendoza as an incentive award in exchange for a general release of all claims against defendant.  The Court will closely examine the justification for the attorneys' fees at the final approval hearing.

### 2.     Class Relief

After deductions from the common fund for fees, costs, and service incentive awards, approximately $435,867 will remain to be distributed among the participating class members.  Each of the estimated 206 class members will receive a pro rata distribution of the net settlement amount, an average of approximately $2,112, unless they choose to exclude themselves. Pro rata distribution is based on the number of workweeks worked by individual claimants relative to the total number of workweeks worked by the entire class. The Agreement provides that no amount will revert to defendant and that any remainder from uncashed settlement checks will be distributed pro rata to class members who cashed their settlement check from the first distribution. The settlement agreement does not provide for injunctive relief.

### 3.     Cy Pres/Remainder

The Settlement Agreement provides that when checks mailed to participating class members are not redeemed or deposited, all the remainder is to be distributed pro rata to class members who cashed their check from the first distribution in proportion to the number of workweeks worked by

United States District Court
Northern District of California

1    individuals relative to the total number of workweeks worked by the entire class. No amount of any

2    remainder from the first distribution will revert to defendants. If checks from the second distribution

3    are not deposited or cashed within 90 days of mailing date or January 6, 2025, whichever date is

4    later.  The remainder will be donated to the designated *cy pres* organization, California Legal

5    Assistance, Inc. no later than April 17, 2025, unless otherwise ordered by the Court.

6    **II.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

7        **A.    Legal Standard**

8        A court may approve a proposed class action settlement of a certified class only "after a

9    hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements

10   for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need

11   not address whether the settlement is ideal or the best outcome, but only whether the settlement is

12   fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v.*

13   *Chrysler Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to

14   assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense,

15   complexity, and likely duration of further litigation; (3) the risk of maintaining class action status

16   throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and

17   the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a

18   government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at

19   1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

20   2004).

21       Settlements that occur before formal class certification also "require a higher standard of

22   fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such

23   settlements, in addition to considering the above factors, a court also must ensure that "the

24   settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset*

25   *Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

26       **B.    Class Definition and Basis for Conditional Certification**

27       The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

28

United States District Court
Northern District of California

> All persons who worked as truck drivers for Trans Valley Transport and/or FTU Labor Contractors, Inc. at any time between May 26, 2011 and February 28, 2015 who did not enter into arbitration agreements.

The original complaint proposed four classes: (1) Truck Drivers Class, (2) Restitution Class, (3) Wage Statement Class, and (4) Terminated Employee Class. Not. of Rem., ECF 1-2, Ex. A., at 5. But these proposed classes have been consolidated for settlement purposes.

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 206 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—violations of California's Labor Code, including failure to timely and properly pay wages, inaccurate wage statements, and failure to provide rest and meal breaks—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff and members of the Settlement Class were all truck drivers of Trans Valley Transport and/or FTU Labor Contractors, Inc., did not sign an arbitration agreement, and paid based on the same compensation system as the other employees, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have demonstrated that they have extensive experience in labor and employment class action litigation and obtaining recovery for the class and are therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the

United States District Court
Northern District of California

4

claims here.  Members of the class here will recover based on the same alleged injuries that arose out of defendant's compensation system.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C.    Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as **Exhibit A** ("Revised Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable.  Defendants indicated that they would oppose class certification if litigation were to continue. Additionally, common law authorities with respect to piece rate wages is split, and some of the claims may be preempted if litigation were to continue. *See Int'l Bhd. Of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 968 F.3d 841, 845_46, 854 (9th Cir. 2021) (ruling that federal law preempts California's meal and rest break law applied to truck drivers engaged in interstate commerce). And the Ninth Circuit held that federal preemption law may apply retroactively. *Valiente v. Swift Transp. Co. of Ariz.*, 54 F.4th 581, 583 (9th Cir. 2022). Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals.  Even if plaintiff prevailed, the best-case recovery after trial was less than the amount offered in settlement as defendants have claimed that they would be forced into bankruptcy if ordered to pay more than the gross settlement amount. The settlement occurred only after extensive litigation spanning nearly a decade, including: multiple settlement conferences, significant discovery, producing more than 1,000 pages of documents. Counsel for both parties are highly experienced.  The record does not indicate collusion or self-dealing.  *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations.  The relief provided for the Class appears to be adequate, taking into account:

United States District Court
Northern District of California

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3), including the Settlement Agreement.

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

As discussed during the hearing, the Court has some concerns regarding the request for the attorneys' fee award of one-third the total settlement and will evaluate the Settlement Agreement fully at the hearing for final approval.

Based on the foregoing, the Court conditionally certifies the class and appoints Gregory Karasik and Santos Gomez as Counsel for the Settlement Class and plaintiff Jose Mario Mendoza as representative for the Settlement Class.

**III.    PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

**A.    Notice Plan**

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).  Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*

*Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves form of the Notice of Proposed Class Action Settlement attached as **Exhibit B** to this Order. Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.  The forms of plan of notice are therefore **APPROVED**.

### B.    Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices.

### C.    Settlement Administrator

Atticus Administration, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than May 7, 2024 ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval. As discussed during hearing, if Atticus becomes aware of e-mail addresses or telephone numbers, namely cell phone numbers, during the "skip tracing" process, it is *strongly encouraged* to use these channels as a secondary method of notice.

Defendant is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than May 21, 2024.

United States District Court
Northern District of California

**D.      Exclusion/Opt-Out**

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than July 22, 2024.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

**E.      Objections**

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than July 22, 2024. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

**F.      Attorneys' Fees and Class Representative Awards**

Plaintiff and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than June 18, 2024.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than July 22, 2024.

Plaintiffs shall file a reply brief responding to any timely objection no later than July 29, 2024.

**G.      Fairness and Final Approval Hearing**

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than September 3, 2024.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, October 8, 2024, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than July 22, 2024.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### H.    Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

**Conclusion:**

The Court finds the Revised Settlement is fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Evidence.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | May 7, 2024 |
| Class Notice to be sent by | May 21, 2024 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | June 18, 2024 |
| Motion for Final Approval to be filed by | September 3, 2024 |
| Postmark deadline to submit objection or request for exclusion | July 22, 2024 |
| Fairness and Final Approval Hearing | October 8, 2024<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

Dated: April 16, 2024

TRINA L. THOMPSON
United States District Judge

# EXHIBIT A

Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
16021 Aiglon St.
Pacific Palisades, CA90272
Tel (310) 463-9761
Fax (310) 943-2582
greg@karasiklawfirm.com

Santos Gomez (SBN 172741)
**Law Offices of Santos Gomez**
1003 Freedom Boulevard
Watsonville, CA 95076
Tel (831) 228-1560
Fax (831) 228-1542
santos@lawofficesofsantosgomez.com

Attorneys for Plaintiff
JOSE MARIO MENDOZA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIO MENDOZA, | Case No. 22-cv-07164 TLT |
| Plaintiff, | **STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS** |
| vs. | |
| TRANS VALLEY TRANSPORT et al, | |
| Defendants. | |
| And Related Cross-Action | |

Plaintiff Jose Mario Mendoza ("Plaintiff") and defendants Trans Valley Transport ("TVT") and FTU Labor Contractors, Inc. ("FTU") (collectively "Defendants") enter into the following Stipulation Regarding Class Action Settlement and Release of Claims.

## STIPULATION

**A.    DEFINITIONS**

1.    "Action" means the civil action pending in the United States District Court, Northern District of California, titled *Jose Mario Mendoza v. Trans Valley Transport et al*, Case No. 22-cv-07164 TLT.

---

1

2.     "Class Counsel" means Santos Gomez with the Law Offices of Santos Gomez and Gregory N. Karasik with Karasik Law Firm.

3.     "Class" and "Class Members" mean all persons who worked as truck drivers for Trans Valley Transport and/or FTU Labor Contractors, Inc. at any time between May 26, 2011 and February 28, 2015 who did not enter into arbitration agreements.

4.     "Class Representative" and "Plaintiff" means Jose Mario Mendoza.

5.     "Court" means the United States District Court, Northern District of California.

6.     "Defendants" mean Trans Valley Transport and FTU Labor Contractors, Inc.

7.     The "Effective Date" means the latest of the following: (a) if no Class Member makes an objection to the Settlement, the date the Court grants final approval to the Settlement; (b) if a Class Member objects to the Settlement, the later of: (i) the date the Court grants final approval to the Settlement if the objection is dismissed or withdrawn prior thereto; (ii) the date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely request for review; (iii) a Class Member's appeal from the Court's final approval of the Settlement has been voluntarily dismissed; or (iv) the Ninth Circuit Court of Appeals or the United States  Supreme Court has rendered a final judgment on a Class Member's appeal affirming the Court's final approval of the Settlement without material modification.

8.     Plaintiff's "Fees Motion" means the motion for an award of attorney's fees, costs and a Service Payment to be made by Plaintiff in connection with Plaintiff's motion for final approval of the Settlement.

9.     "Gross Settlement Amount" means the amount of Seven Hundred Thousand Dollars ($700,000) to be paid by Defendants pursuant to this Settlement for the following: 1) up to $10,000 for the cost of settlement administration; 2) the amount of attorney's fees and litigation costs awarded to Class Counsel; 3) the amount of Service Payment awarded to Plaintiff; and 4) settlement benefits to class members who do not exclude themselves from the Settlement.  The Gross Settlement Amount does not include the employer's share of payroll taxes on the portion of settlement payments from the

2

Net Settlement Amount allocated to wages, which Defendants shall pay separately from the Gross Settlement Amount.

10.    "Net Settlement Amount" means the portion of the Gross Settlement Amount remaining after deductions are made for the cost of settlement administration, the amount of attorney's fees and litigation costs awarded to Class Counsel, and the amount of Service Payment awarded to Plaintiff.

11.    "Notice" means the Notice of Class Action Settlement, substantially in the form attached as Exhibit A, to be mailed out by the Settlement Administrator to Class Members.

12.    "Parties" means Plaintiff and Defendants.

13.    "Release Period" and "Class Period" mean the period from May 26, 2011 to February 28, 2015.

14.    "Settlement" or "Agreement" means this Stipulation Regarding Class Action Settlement and Release of Claims.

15.    "Settlement Administrator" means Atticus Administration who, for a fee of up to $10,000 will: (i) conduct address traces to locate Class Members as necessary; (ii) prepare and mail the Notice of Class Action Settlement; (iii) track requests for exclusion; (iv) respond to Class Member inquiries; (v) distribute all payments required by the Settlement; (vi) make tax reports in connection with the Settlement; and (vii) perform any other duties necessary for administration of the Settlement.

B.    **RECITALS**

1.    Plaintiff filed a Complaint against TVT in state court on May 26, 2015 and Plaintiff filed a First Amended Complaint in state court (which added FTU as a defendant) in September 2015. In his First Amended complaint, Plaintiff asserts class action claims on behalf of persons who worked for Defendants as truck drivers ("Truck Drivers") for Failure to Pay Minimum Wages, Failure to Provide Rest Periods, Failure to Provide Meal Periods, Unfair Competition, Failure to Provide Accurate Wage Statements, and Failure to Pay All Wages Owed Upon Termination. Plaintiff principally contends that Truck Drivers were not paid wages, separately from "trip pay," for all the time they spent engaged in non-driving activities, such as fueling, loading, unloading, and inspecting vehicles. Plaintiff also asserted in the First Amended Complaint that Truck Drivers were not provided

3

1 with meal periods or rest periods or paid premium wages owed for meal period or rest period

2 violations.

3       2.     After responding to some preliminary interrogatories and document requests

4 propounded by Plaintiff, Defendants filed an initial motion to compel arbitration based on an

5 arbitration policy contained in FTU's handbook which the trial court denied without prejudice on

6 November 22, 2016. The trial court denied with prejudice on January 3, 2017 a second motion to

7 compel arbitration filed by Defendants. More than five years later, the court of appeal upheld the trial

8 court's decision in the published decision *Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5[th]

9 748. The court of appeal held that the arbitration policy in FTU's handbook did not create a binding

10 agreement to arbitrate.

11       3.     After the court of appeal decision, the parties agreed to participate in a mediation before

12 Lisa Klerman that was held on September 23, 2022. Before the mediation, the parties engaged in a

13 substantial amount of discovery, including interrogatories and document requests propounded and

14 responded to by both parties and the taking of Plaintiff's deposition by Defendants. In connection with

15 their discovery responses, Defendants produced to Plaintiff nearly 1,000 pages of documents.

16 Defendants also provided Plaintiff, informally for the purposes of mediation, a substantial amount of

17 information that enabled Plaintiff's Counsel to calculate Defendants' potential liability, including the

18 number of putative class members who had not signed arbitration agreements, the number of putative

19 class members who had signed arbitration agreements, and the number of workweeks worked by

20 putative class members.

21       4.     The mediation on September 23, 2023 did not result in a settlement. After the

22 unsuccessful mediation, Plaintiff propounded additional written discovery, including interrogatories

23 and requests for admissions. On November 15, 2022, before their responses to discovery was due,

24 Defendants removed the case to federal court on the grounds of diversity jurisdiction under the Class

25 Action Fairness Act. Defendants subsequently served their responses to the additional written

26 discovery propounded by Plaintiff shortly before removal.

27

28

4

STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT
60198.003/739609.1

5.      After the case was removed to federal court, the Parties agreed to have a settlement conference before the Honorable Magistrate Judge Virginia K. DeMarchi, which was scheduled for May 12, 2023. Prior to the settlement conference, Plaintiff agreed to dismiss his claims that Defendants failed to provide Truck Drivers with meal periods or rest periods in light of recent 9th Circuit authority holding that the FMCSA's determination, that federal law preempts California meal and rest period laws with respect to truck drivers engaged in interstate commerce, applies retroactively.

6.      At the settlement conference on May 12, 2023, the Parties exchanged proposals and counterproposals during arms-length bargaining that lasted a full day without reaching agreement on the terms of a settlement. However, because the Parties had made substantial progress towards a settlement, they agreed to another half day for a settlement conference with Judge DeMarchi that was scheduled for May 17, 2023. At the settlement conference on May 17, 2023, the Parties ultimately reached agreement on the material terms of a class action settlement. Thereafter, the Parties prepared formal settlement documents that, after negotiation of various settlement details, culminated in the execution of this Agreement.

7.      Class Counsel have conducted a thorough investigation into the facts of this case, including the review of relevant documents obtained from Defendants through formal discovery and researching the applicable law and Defendants' potential defenses. Class Counsel also reviewed information provided by Defendants' counsel in connection with mediation that enabled Class Counsel to calculate Defendants' potential liability. Based on their investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate, and that approval of the Settlement would be in the best interests of the Class Members considering all known facts and circumstances, including Defendants' defenses and financial condition. Defendants agree that the Settlement is fair, reasonable and adequate and meets all the requirements for approval by the Court.

8.      The Parties agree that stipulation to this Agreement is for settlement purposes only and if, for any reason, the Agreement is not approved, the Agreement will be of no force or effect. In such event, nothing in the Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the Action; and the Parties do not waive, and

instead expressly reserve, their respective rights with respect to the prosecution and defense of this Action as if this Agreement never existed.

**C.   TERMS OF SETTLEMENT**

1.   <u>Gross Settlement Amount</u>:  Defendants shall pay the Gross Settlement Amount of Seven Hundred Thousand Dollars ($700,000) to pay for the following:  1) up to $10,000 for the cost of settlement administration; 2) the amount of attorney's fees and litigation costs awarded to Class Counsel; 3) the amount of Service Payment awarded to Plaintiff; and the 4) settlement benefits to Class Members who do not exclude themselves from the Settlement.  The Gross Settlement Amount does not include the employer's share of payroll taxes on the portion of settlement payments from the Net Settlement Amount allocated to wages, which Defendants shall pay separately from the Gross Settlement Amount.

2.   <u>Attorney's Fees, Expenses and Costs</u>:  Defendants will not oppose Class Counsel's application to the Court for an award of up to Two Hundred Thirty-Three Thousand and Thirty-Three Cents ($233,333.33) in attorney's fees (33 1/3% of the Gross Settlement Amount), or for an award of up to Fifteen Thousand Dollars ($15,000) for litigation costs and expenses, to compensate Class Counsel for the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, and ensuring that the Settlement is fairly administered and implemented.  The Settlement Administrator will issue to Class Counsel a Form 1099 with respect to their award of attorneys' fees and costs.

3.   <u>Service Payment to Class Representative</u>:  Defendants will not oppose the request of Plaintiff for an award of up to Seven Thousand Five Hundred Dollars ($7,500) for his service as Class Representative ("Service Payment") in addition to any payment he may otherwise receive as a Class Member.  The Settlement Administrator will issue to Plaintiff a Form 1099 for his Service Payment.

4.   <u>Distribution to Class Members</u>:  The Net Settlement Amount shall be distributed as follows: each Class Member who does not request exclusion from the Settlement will receive a pro rata share of the Net Settlement Amount based on the number of workweeks worked for Defendants during the Class Period.

6

5.      Non-Reversionary; Cy Pres: The settlement is completely non-reversionary and the entire Net Settlement Amount shall be distributed to Class Members who do not exclude themselves from the Settlement.   In the event settlement checks issued to Class Members are not cashed or deposited within 90 days after mailing, the checks shall become null and void and any funds remaining from such uncashed checks shall be donated to the cy pres beneficiary California Rural Legal Assistance, Inc.

6.      Tax Allocation of Class Member Distributions: The Parties agree that 20% of the settlement payments shall be allocated to wages.  The Settlement Administrator shall be responsible for issuing Class Members who receive a portion of the Net Settlement Amount a Form W-2 with respect to the portion of settlement benefits allocated to wages and, to the extent required by law, a Form 1099 with respect to the remaining portion of settlement benefits distributed.

7.      Funding and Distribution Dates: Within 7 days after the Effective Date, the Settlement Administrator shall notify Defendants of the total amount of funds needed for making all payments required under the Settlement.  The Settlement shall be funded in two installments.  Defendants shall remit to the Settlement Administrator one half (50%) of the total amount of funds needed for making all payments required under the Settlement no later than June 1, 2024 and shall remit to the Settlement Administrator one half (50%) of the total amount of funds needed for making all payments required under the Settlement no later than December 1, 2024.  The Settlement Administrator shall make pro-rata payments of the amounts required under the Settlement (i.e., one half of total amount) as soon as practicable after receipt of each installment of settlement funds from Defendants (but each distribution shall be made no later than 10 days after receipt of the settlement funds).

**D.      NOTICE, EXCLUSION AND OBJECTION PROCEDURES**

1.      Within fifteen (15) days following the Court's entry of an Order Granting Preliminary Approval of the Settlement, Defendants shall provide to the Settlement Administrator a database or spreadsheet listing the name, last known home address, and social security number for each Class Member (the "Class List").  The Class List shall indicate how many workweeks the Class Members worked for Defendants during the Class Period.

STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT
60198.003/739609.1

2.      Within ten (10) days after receiving the Class List from Defendants, the Settlement Administrator shall send a Notice to each Class Member by first class mail in the form attached as Exhibit A. The Notice shall be provided in both English and Spanish. The Settlement Administrator shall provide a copy of the Class List, including each class member's estimated payment amount, to Class Counsel to use to assist in the administration of the Settlement.

3.      The Settlement Administrator shall use reasonable standard skip tracing devices as necessary to verify the accuracy of all addresses before the initial mailing date to ensure that the Notice is sent to all Class Members at the addresses most likely to result in immediate receipt of those documents. With respect to any returned Notices, the Settlement Administrator shall use reasonable diligence to obtain a current address and re-mail to such address.

4.      Class Members shall have forty-five (45) days from the initial mailing of the Notice by the Settlement Administrator to request exclusion from the Settlement by submitting a request in writing to the Settlement Administrator, signed by the Class Member, to be excluded from the Settlement. If disputes about the validity or timeliness of any request for exclusion arise, the Parties shall meet and confer. If the Parties cannot resolve the dispute, the Court shall make a final and binding determination as to whether the request for exclusion shall be deemed valid.

5.      Class Members who submit a timely and valid request for exclusion will not be bound by the release provisions of the Settlement and will not be entitled to receive any settlement benefits under the Settlement.

6.      Class Members shall have forty-five (45) days from the initial mailing of the Notice Packet by the Settlement Administrator to submit any objections to the Settlement and advise of their desire to appear at the Final Fairness Hearing. The Class Notice shall include specific instructions to Class Members for submitting objections to the Settlement, which must be sent in writing to the Settlement Administrator.

7.      Class Members shall have as much time as directed by the Court from the initial mailing of the Notice Packet by the Settlement Administrator to submit any objections to the motion for an award of attorney's fees and costs to be submitted by Plaintiff in connection with Plaintiff's

8

STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT
60198.003/739609.1

1   motion for final approval of the Settlement. The Class Notice shall include specific instructions to

2   Class Members for reviewing Plaintiff's motion for an award of attorney's fees and costs in connection

3   with final approval of the Settlement and submitting objections to Plaintiff's motion for an award of

4   fees and costs, which must be sent in writing to the Settlement Administrator

5   **E.**    **RELEASE OF CLAIMS**

6       1.    Class Members' Released Claims: Each Class Member who does not submit a timely

7   and valid request for exclusion shall, upon the Effective Date, be deemed to have released any and all

8   claims against Defendants and any of their former and present parent, subsidiary, and affiliated

9   corporations; their officers, directors, employees, partners, shareholders and agents; and any other

10  successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights,

11  demands, liabilities and causes of action under California law that Class Members have had, now have,

12  or may have in the future against the Released Parties based on any acts or omissions occurring during

13  the Release Period that were pled in the Complaint or First Amended Complaint in the Action or could

14  have been pled based on the factual allegations in the Complaint or First Amended Complaint in the

15  Action. To the extent based on facts alleged in Complaint or First Amended Complaint in the Action,

16  this Release encompasses all claims for unpaid minimum wages, premium wages owed for meal period

17  violations or rest period violations, civil penalties under Labor Code 226, statutory penalties under

18  Labor Code 203, interest, costs and attorney's fees. This Release shall not include or prohibit the

19  prosecution of any claims for civil penalties under Labor Code Section 2699.

20      2.    Additional Attorney's Fees Released by Class Counsel: In consideration for an award

21  of attorney's fees and costs in accordance with this Settlement, Class Counsel waive all claims to any

22  further attorney's fees and costs in connection with the Action.

23      3.    Release by Class Representative: In exchange for receipt of a Service Payment, Class

24  Representative agrees to a general release of all claims, including a waiver of the protections provided

25  in Civil Code § 1542, which provides:

26      A general release does not extend to claims which the creditor or releasing party does not

27      know or suspect to exist in his or her favor at the time of executing the release, which if

28

9

STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT
60198.003/739609.1

known by him or her, would have materially affected his or her settlement with the debtor or released party.

F.  **COURT APPROVAL**

1.  Plaintiff shall promptly move the Court for the entry of an Order Granting Preliminary Approval of the Settlement.

2.  In accordance with the Court's Order Granting Preliminary Approval of the Settlement, Plaintiff, after the Settlement Administrator has mailed the Notice to Class Members and the time for Class Members to request exclusion from or make an objection to the Settlement has expired, shall move the Court for the entry of an Order Granting Final Approval of the Settlement.

3.  In accordance with the Court's Order Granting Preliminary Approval of the Settlement, Plaintiff shall file a Fees Motion prior to the deadline for Class Members to request exclusion or make an objection to the Settlement so that Class Members may have a reasonable amount of time (as determined by the Court) to make an objection to Plaintiff's Fees Motion.

4.  This Settlement shall not take effect until the Court has entered an order granting final approval of the Settlement and that order has become final after any objections to the Settlement or any appeals from the order granting final approval of the Settlement have been resolved.  If for any reason this Settlement is materially modified on appeal, then this Settlement will become null and void, no payment under this Settlement will be made, and the Settlement shall not be used nor be admissible in any subsequent proceeding either in this Court or in any other Court or forum.

5.  The Parties agree to waive appeals from the Court's order granting final approval of the Settlement with the following exceptions: (1) the Parties may appeal if the Court materially modifies the Settlement; and (2) Plaintiff may appeal if the Court awards attorney's fees, costs or a Service Payment in an amount less than requested by Plaintiff.  Any appeal with respect to the amount of attorney's fees, costs or Service Payment shall not affect the finality of the Settlement in any other regard or delay the payment of settlement benefits to Class Members or the payment of administration costs to the Settlement Administrator.

/ / /

STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT
60198.003/739609.1

1   G.   **MISCELLANEOUS**

2      1.      The respective signatories to the Settlement represent that they are fully authorized to

3   enter into this Settlement and bind the respective Parties to its terms and conditions.

4      2.      The Parties agree to cooperate fully with each other to accomplish the terms of this

5   Settlement, including but not limited to, execution of such documents and to take such other action as

6   may reasonably be necessary to implement the terms of the Settlement.  The Parties shall use their best

7   efforts, including all efforts contemplated by this Settlement and any other efforts that may become

8   necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

9      3.      The Parties represent, covenant, and warrant that they have not directly or indirectly,

10  assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity

11  any portion of any liability, claim, demand, action, cause of action or right released and discharged in

12  this Settlement.

13     4.      Nothing contained in this Settlement shall be construed or deemed an admission of

14  liability, culpability, negligence, or wrongdoing on the part of Defendants and Defendants deny any

15  such liability.  Each of the Parties has entered into this Settlement with the intention to avoid further

16  disputes and litigation with the attendant inconvenience and expenses.  This Settlement is a settlement

17  document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to

18  approve, interpret, or enforce its terms.

19     5.      This Settlement may be executed in counterparts, and when each party has signed at

20  least one such counterpart, each counterpart shall be deemed an original, and, when taken together with

21  other signed counterparts, shall constitute execution of the Settlement, which shall be biding upon and

22  effective as to all Parties.

23     6.      Until the filing of a motion for preliminary approval, the terms of the Settlement shall

24  remain confidential and any remarks about this settlement shall be limited to a statement to the effect

25  that the parties have reached a settlement in principle subject to court approval.  This confidentiality

26  clause extends to the parties' use of social media people often use to communicate during their daily

27  lives, such as Twitter, Facebook, My Space, blogs and the like.  This confidentiality clause, however,

28

1    shall not operate to restrict the ability of Class Counsel to communicate with any Class Member about

2    the fact or terms of this Settlement.

3    **IT IS SO AGREED**.

4    **Plaintiff**

5
6    Dated: June 16, 2023                          *Jose m mendoza*
                                                    Jose Mario Mendoza
7
8    **Defendants**

9    Dated: June 16, 2023                          _____
10                                                 Eric Triolo
                                                   for Trans Valley Transport and
11                                                 for FTU Labor Contractors, Inc.

12
13   **APPROVED AS TO FORM**

14
15   Dated: June 20, 2023                          KARASIK LAW FIRM
                                                    LAW OFFICES OF SANTOS GOMEZ
16                                          By     s/ *Gregory N. Karasik*
17                                                 Gregory N. Karasik
                                                   Attorneys for Plaintiff
18
19   Dated: June ___ 23, 2023                      BROTHERS SMITH, LLP

20                                          By     s/ *Horace W. Green*
                                                   Horace W. Green
21                                                 Attorneys for Defendants

22

23

24

25

26

27

28

                                         12
     STIPULATION REGARDING CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
     Case No. 22-cv-07164 TLT
     60198.003/739609.1

1  shall not operate to restrict the ability of Class Counsel to communicate with any Class Member about
2  the fact or terms of this Settlement.

3  **IT IS SO AGREED.**

4  **Plaintiff**

5

6  Dated: June __, 2023
                                        _____
7                                        Jose Mario Mendoza

8  **Defendants**

9  Dated: June /6, 2023
                                        _____
10                                       Eric Triolo
                                         for Trans Valley Transport and
11                                       for FTU Labor Contractors, Inc.

12

13  **APPROVED AS TO FORM**

14

15  Dated: June __, 2023
                                        KARASIK LAW FIRM
16                                       LAW OFFICES OF SANTOS GOMEZ

17                                   By    s/ Gregory N, Karasik
                                          Gregory N. Karasik
18                                        Attorneys for Plaintiff

19  Dated: June __19__, 2023
                                        BROTHERS SMITH, LLP

20                                   By    s/ Horace W. Green
                                          Horace W. Green
21                                        Attorneys for Defendants

22

23

24

25

26

27

28

                                        12

Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
16021 Aiglon St.
Pacific Palisades, CA90272
Tel (310) 463-9761
Fax (310) 943-2582
greg@karasiklawfirm.com

Santos Gomez (SBN 172741)
**Law Offices of Santos Gomez**
1003 Freedom Boulevard
Watsonville, CA 95076
Tel (831) 228-1560
Fax (831) 228-1542
santos@lawofficesofsantosgomez.com

Attorneys for Plaintiff
JOSE MARIO MENDOZA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIO MENDOZA,<br><br>        Plaintiff,<br><br>vs.<br><br>TRANS VALLEY TRANSPORT et al,<br><br>        Defendants.<br><br>And Related Cross-Action | Case No. 22-cv-07164 TLT<br><br>**STIPULATION TO AMEND CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS** |

Plaintiff Jose Mario Mendoza ("Plaintiff") and defendants Trans Valley Transport ("TVT") and FTU Labor Contractors, Inc. ("FTU") (collectively "Defendants") enter into the following Stipulation to Amend Class Action Settlement and Release of Claims.

## STIPULATION

The Stipulation Regarding Class Action Settlement and Release of Claims ("Settlement Agreement") executed by the parties in June 2023 is hereby amended as follows:

    1.    The amount of "$10,000" in paragraphs A.9, A.15, and C.1 of the Settlement Agreement is replaced with the amount of "$8,300."

1    2.    The following shall be added as paragraph A.16 to the Settlement Agreement:

2    "Net Settlement Amount Remainder" means the amount of the Net Settlement Amount not

3    cashed, deposited or otherwise negotiated by Class Members within 90 days after the mailing by the

4    Settlement Administrator of the first distribution of settlement checks.

5    3.    Paragraph C.4 of the Settlement Agreement is replaced with:

6    Distribution to Class Members: The Net Settlement Amount shall be distributed to Class

7    Members as follows: a) in a first distribution, each Class Member who does not request exclusion from

8    the Settlement will receive a pro rata share of the Net Settlement Amount based on the number of

9    workweeks worked for Defendants during the Class Period (i.e. the number of workweeks worked by a

10   Class Member divided by the number of workweeks worked by all Class Members during the Class

11   Period); and b) in a second distribution, each Class Member who received and cashed, deposited or

12   otherwise negotiated a settlement check will receive a pro rata share of the Net Settlement Amount

13   Remainder based on the number of workweeks worked for Defendants during the Class Period (i.e. the

14   number of workweeks worked by a Class Member divided by the number of workweeks during the

15   Class Period worked by all the Class Members who received and cashed, deposited or otherwise

16   negotiated a settlement check after the first distribution of settlement checks).

17   4.    Paragraph C.5 of the Settlement Agreement is replaced with:

18   Non-Reversionary; Cy Pres: The settlement is completely non-reversionary and the entire Net

19   Settlement Amount shall be distributed to Class Members who do not exclude themselves from the

20   Settlement.  In the event settlement checks issued to Class Members in the first distribution are not

21   cashed, deposited or otherwise negotiated within 90 days after mailing, the checks shall become null

22   and void and any funds remaining from such uncashed checks shall become part of the Net Settlement

23   Amount Remainder.  In the event settlement checks issued to Class Members in the second distribution

24   are not cashed, deposited or otherwise negotiated within 90 days after mailing, the checks shall

25   become null and void and any funds remaining from such uncashed checks shall be donated to the cy

26   pres beneficiary California Rural Legal Assistance, Inc.

27   5.    Paragraph C.7 of the Settlement Agreement is replaced with:

28

2

STIPULATION TO AMEND CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT

01/25/2024   13:45 Law Offices of Santos Gomez     RECEIVED 01/25/2024 02:45PM
(FAX)6312281542                    P.001/001

1    <u>Funding and Distribution Dates</u>: Within 7 days after the Effective Date, the Settlement

2    Administrator shall notify Defendants of the total amount of funds needed for making all payments

3    required under the Settlement. Defendants shall remit to the Settlement Administrator the total amount

4    of funds needed for making all payments required under the Settlement no later than December 1,

5    2024. The Settlement Administrator shall make the initial distribution of settlement funds to Class

6    Members and all other payments of the amounts required under the Settlement (except for the second

7    distribution of the Net Settlement Amount Remainder to Class Members) as soon as practicable after

8    receipt of the settlement funds from Defendants (but no later than 10 days after receipt of the

9    settlement funds).

10        6.      The words "forty-five (45) days" are replaced with the words "sixty (60) days" in

11   paragraphs D.4 and D.6 of the Settlement Agreement.

12        7.      The words "Settlement Administrator" in the last sentence of paragraph D.6 of the

13   Settlement Agreement are replaced with the word "Court."

14        8.      The following is added as paragraph F.6 to the Settlement Agreement:

15        With ten (10) days after Plaintiff submits a motion for preliminary approval of the Settlement,

16   Defendants shall submit to all applicable government entities the notice required by the Class Action

17   Fairness Act.

18        9.      The Notice attached as Exhibit A to the Settlement Agreement is replaced with the

19   Notice attached hereto as Exhibit A.

20   **IT IS SO AGREED.**

21   **Plaintiff**

22

23   Dated: January 25 2024

24                                    Jose Mario Mendez

25   **Defendants**

26   Dated: January 25 2024

27                                    Eric Triolo
                                      for Trans Valley Transport and
28                                    for FTU Labor Contractors, Inc.

3

STIPULATION TO AMEND CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT

1    <u>Funding and Distribution Dates</u>: Within 7 days after the Effective Date, the Settlement

2    Administrator shall notify Defendants of the total amount of funds needed for making all payments

3    required under the Settlement.  Defendants shall remit to the Settlement Administrator the total amount

4    of funds needed for making all payments required under the Settlement no later than December 1,

5    2024.  The Settlement Administrator shall make the initial distribution of settlement funds to Class

6    Members and all other payments of the amounts required under the Settlement (except for the second

7    distribution of the Net Settlement Amount Remainder to Class Members) as soon as practicable after

8    receipt of the settlement funds from Defendants (but no later than 10 days after receipt of the

9    settlement funds).

10        6.    The words "forty-five (45) days" are replaced with the words "sixty (60) days" in

11    paragraphs D.4 and D.6 of the Settlement Agreement.

12        7.    The words "Settlement Administrator" in the last sentence of paragraph D.6 of the

13    Settlement Agreement are replaced with the word "Court."

14        8.    The following is added as paragraph F.6 to the Settlement Agreement:

15        With ten (10) days after Plaintiff submits a motion for preliminary approval of the Settlement,

16    Defendants shall submit to all applicable government entities the notice required by the Class Action

17    Fairness Act.

18        9.    The Notice attached as Exhibit A to the Settlement Agreement is replaced with the

19    Notice attached hereto as Exhibit A.

20    **IT IS SO AGREED.**

21    **Plaintiff**

22

23    Dated: January __, 2024

            Jose Mario Mendoza

24

25    **Defendants**

26    Dated: January 25, 2024

27            Eric Triolo
            for Trans Valley Transport and
            for FTU Labor Contractors, Inc.
28

3

STIPULATION TO AMEND CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT

1

**APPROVED AS TO FORM**

2

3   Dated: January 25, 2024

4

5

6

7   Dated: January 25, 2024

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KARASIK LAW FIRM
LAW OFFICES OF SANTOS GOMEZ

By   s/ *Gregory N, Karasik*
Gregory N. Karasik
Attorneys for Plaintiff

BROTHERS SMITH, LLP

By   s/ *Horace W. Green*
Horace W. Green
Attorneys for Defendants

4

STIPULATION TO AMEND CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS
Case No. 22-cv-07164 TLT

# EXHIBIT  B

## NOTICE OF CLASS ACTION SETTLEMENT

*Jose Mario Mendoza v. Trans Valley Transport et al.*
United States District Court, Northern District of California, Case No. 22-cv-07164 TLT

This Notice provides important information about a proposed settlement (the "Settlement") in the above-referenced class action lawsuit (the "Lawsuit") brought by Jose Mario Mendoza ("Plaintiff") against Trans Valley Transport and FTU Labor Contractors, Inc. ("Defendants") and your rights to participate in or exclude yourself from the Settlement. This Notice summarizes the proposed Settlement. For the precise terms of the Settlement, please see the settlement agreement available at the website of the Settlement Administrator at https://www.atticusadmin.com/class-action-cases/, by contacting Class Counsel (listed at the end of this notice), by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 450 Golden Gate Avenue, San Francisco, CA 94102 (between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cand.uscourts.gov/cm-ecf.

### A.    Summary Of Plaintiff's Claims

In the Lawsuit, Plaintiff seeks unpaid wages, statutory penalties and civil penalties on behalf of persons who worked as truck drivers for Defendants in California ("Truck Drivers"). Plaintiff principally contends that Defendants failed to pay Truck Drivers, separately from piece rate wages that paid them per delivery trip, for all their non-driving work activities. Although Plaintiff had at one time also alleged in the Lawsuit that Defendants failed to provide Truck Drivers with meal periods and rest periods, Plaintiff decided to abandon those claims after courts ruled that such claims were preempted by federal regulations. Defendants deny any liability or wrongdoing of any kind but have agreed to settle the Lawsuit to avoid additional expense, inconvenience and distraction. The Court has not decided whether or not Defendants violated any laws or whether Plaintiff or any other persons are entitled to any damages or other relief.

### B.    Why You Are Receiving This Notice

On [date], 2024, the United States District Court, Northern District of California (the "Court") preliminarily approved the Settlement on behalf of a class comprised of all persions who worked as Truck Drivers between May 26, 2011 and February 28, 2015 (the "Class Period") who did not enter into arbitration agreements (the "Class"). There are 206 persons in the Class. According to the records of Defendants, you are a member of the Class. Because you are a member of the Class, you have the right to participate in, object to, or exclude yourself from the Settlement. This letter explains your legal rights and options with respect to the Settlement.

### C.    The Terms Of The Settlement

Defendants have agreed to pay the Gross Settlement Amount of Seven Hundred Thousand Dollars ($700,000) in exchange for a release of the claims asserted by Plaintiff and members of the Class in the Lawsuit. Payments to be made from the Gross Settlement Amount include a Service Payment of up to Seven Thousand Five Hundred Dollars ($7,500) to Plaintiff for his work and risk in bringing this case; up to Eight Thousand Three Hundred Dollars ($8,300) for settlement

administration expenses; up to Two Hundred Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($233,333.33) for Plaintiff's attorney's fees; and up to Fifteen Thousand Dollars ($15,000) for Plaintiff's attorney's costs. The Gross Settlement Amount does not include the employer's share of payroll taxes on the portion of settlement benefits allocated to wages, which Defendants shall pay separately from the Gross Settlement Amount. It is estimated that, after deducting expenses from the Gross Settlement Amount, the Net Settlement Amount of approximately Four Hundred Thirty-Five Thousand Dollars ($435,867) will be available for distribution to members of the Class as follows:

a) in a first distribution, each Class Member who does not request exclusion from the Settlement will receive a pro rata share of the Net Settlement Amount based on the number of workweeks worked for Defendants during the Class Period (i.e. the number of workweeks worked by a Class Member divided by the number of workweeks worked by all Class Members during the Class Period); and

b) in a second distribution, each Class Member who received and cashed, deposited or otherwise negotiated a settlement check will receive a pro rata share of the Net Settlement Amount Remainder (the amount of the Net Settlement Amount remaining after settlement checks mailed in the first distribution are cashed, deposited or otherwise negotiated) based on the number of workweeks worked for Defendants during the Class Period (i.e. the number of workweeks worked by a Class Member divided by the number of workweeks during the Class Period worked by all the Class Members who received and cashed, deposited or otherwise negotiated a settlement check after the first distribution of settlement checks).

## D.     Your Options

### 1.     Participate in the Settlement

To receive your share of settlement benefits you do not need to do anything as all Class Members who do not exclude themselves from the Settlement will automatically receive payment of their share of the settlement benefits.

Based on the records of Defendants, you worked as a Truck Driver for [number] workweeks during the Class Period. Based on that number of workweeks, your estimated gross payment for the first distribution of settlement checks (before tax deductions) is $_____.

If you dispute this number of workweeks, you may send the Settlement Administrator information, including any documents to support your claim, about the correct number of workweeks   Such information must be sent by [date] by regular mail or e-mail to the Settlement Administrator at the following address: Trans Valley Transport Settlement, c/o Atticus Administration, P.O. Box 64053, St. Paul, MN 55164; email transvalleytransportsettlement@atticusadmin.com

Depending on the Court's Final Approval Order, and the number of Class Members who cash, deposit or otherwise negotiate settlement checks after the first distribution of settlement checks, the actual amount you will receive after the Court grants final approval of the Settlement may vary from the above estimated amount.

2

It is your responsibility to keep a current address on file with the Settlement Administrator as the Settlement Administrator will mail your payments to the address it has on file for you. So if you move, please provide the Settlement Administrator your new address. You may provide the Settlement Administrator your new address by e-mail or regular mail. You may also contact Class Counsel (listed at the end of this notice) and provide them your new address and they will forward it to the Settlement Administrator.

**2.    Object to the Settlement**

As long as you do not exclude yourself from the Settlement, you have the right to object to the Settlement. Although you can ask the Court to deny approval by filing an objection, you cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement.

Any objection to the proposed Settlement must be in writing and submitted to the Court by [date]. All written objections and supporting papers must (a) clearly identify the case name and number (*Jose Mario Mendoza v. Trans Valley Transport et al.,* Case No. 22-cv-07164 TLT); (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California at 450 Golden Gate Avenue, San Francisco, CA 94102. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or by entering an appearance through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

**3.    Exclude Yourself from the Settlement**

If you wish to exclude yourself from the Settlement, you must submit a written request for exclusion. The request for exclusion must be sent by [date] by regular mail or e-mail to the Settlement Administrator at the following address: Trans Valley Transport Settlement, c/o Atticus Administration, P.O. Box 64053, St. Paul, MN 55164; email transvalleytransportsettlement@atticusadmin.com. The Court will exclude any Class Member who properly requests exclusion.

The Request for Exclusion must contain (i) the case name; (ii) your full name, (iii) the words "Request for Exclusion" at the top of the document; and (iv) the following statement: "I wish to opt out of the Settlement in the case *Mendoza v. Trans Valley Transport et al.,* United States District Court, Northern District of California, Case No. 22-cv-07164 TLT."

If you exclude yourself from the Settlement, you will not be entitled to recover any settlement benefits or object to the Settlement, but you will retain the right to bring any claims you have or believe you have against Defendants. If you do not exclude yourself from the Settlement, you will upon final approval of the Settlement be bound by the release of claims described below and lose the right to sue Defendants for any of the claims asserted against Defendants in the Lawsuit or that could have been asserted based on the facts alleged in the Lawsuit.

### E.    Release of Claims

Unless you exclude yourself from the Settlement, upon final approval of the Settlement by the Court you will be deemed to have given up your right to sue and have released any and all claims against Defendants and any of their former and present parent, subsidiary, and affiliated corporations; their officers, directors, employees, partners, shareholders and agents; and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action under California law that Class Members have had, now have, or may have in the future against the Released Parties based on any acts or omissions occurring during the Class Period that were alleged in the Complaint or First Amended Complaint in the Lawsuit or that could have been pled based on the factual allegations in Complaint or First Amended Complaint in the Lawsuit. To the extent based on facts alleged in the Complaint or First Amended Complaint in the Lawsuit, this Release encompasses all claims for unpaid minimum wages, premium wages owed for meal period violations or rest period violations, civil penalties under Labor Code 226, statutory penalties under Labor Code 203, interest, costs and attorney's fees. This Release shall not include or prohibit the prosecution of any claims for civil penalties under Labor Code Section 2699.

### F.    Final Approval Hearing

The Court has scheduled a Final Approval Hearing for _____, 2024 at 2 p.m in Courtroom 9 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. This date is subject to change by the Court without notice to Class Members. You may check the website of the the Settlement Adminstrator at https://www.atticusadmin.com/class-action-cases/ or the Court's PACER system at http://www.cand.uscourts.gov/cm-ecf to confirm that the date has not changed.

At the Final Approval Hearing, the Court will decide whether or not to grant final approval to the Settlement. At the Final Approval Hearing the Court will also rule on the motion by Plaintiff for an award of attorney's fees, costs and a service payment to Plaintiff (the "Fee Motion"). Plaintiff will file his Fees Motion no later than _____ and the Fees Motion shall be available for review at the Office of the Clerk of the Court which is located at 450 Golden Gate Avenue, San Francisco, CA 94102, on the Court's PACER system at http://www.cand.uscourts.gov/cm-ecf and on the website of the Settlement Adminstrator at https://www.atticusadmin.com/class-action-cases/. You need not attend the Final Approval Hearing but, if you object to the Settlement you have the right to attend the Final Approval Hearing and address the Court either in person or, at your own expense, through your own attorney.

### G.    Where to Get More Information

If you want more information about the Lawsuit or the Settlement, you can contact the Settlement Administrator by mail, e-mail or telephone. The contanct information for the Settlement Administrator is Trans Valley Transport Settlement, c/o Atticus Administration, P.O. Box 64053, St. Paul, MN 55164; email transvalleytransportsettlement@atticusadmin.com; telephone number 1-800-268-8245. You can also review the settlement agreement and other documents regarding the Settlement on the website of the Settlement Administrator at https://www.atticusadmin.com/class-action-cases/.

You can also contact the attorney for the Class listed below or any other advisor of your choice.

Santos Gomez
Law Offices of Santos Gomez
1003 Freedom Boulevard
Watsonville, CA 95076
Tel. (831) 228-1560
Fax (831) 228-1542
santos@lawofficesofsantosgomez.com

You can also view and obtain copies of Lawsuit related documents in the Court's file by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 450 Golden Gate Avenue, San Francisco, CA 94102 (between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays), or by accessing the Court docket in this case, for a fee, through the Court's PACER system at http://www.cand.uscourts.gov/cm-ecf.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT**